IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**GINA L. MILLER,**

      Plaintiff,

v.   No. CIV 01-1372 BB/ACT

**AUTOMOBILE CLUB OF NEW MEXICO,
INC., d/b/a AAA New Mexico, a corporation,**

      Defendant.

## MEMORANDUM OPINION
### AND
## ORDER GRANTING JUDGMENT

THIS MATTER is before the Court on Defendant's renewed motion for judgment as a matter of law. The Court having considered the trial evidence, as well as the briefs and arguments of the parties, finds the motion should be Granted.

### *Discussion*

**Procedural Background**

Prior to closing arguments on Friday, August 1, 2003, AAA New Mexico moved the Court for judgment in favor of Defendant as a matter of law. The Court submitted the matter to the jury while reserving its ruling on Defendant's motion. Later that day, the jury in this case concluded that it could not reach a unanimous decision on Plaintiff's

claims for breach of an implied employment contract and for b tech of the covenant of good faith and fair dealing. The Court declared a mistrial.

Federal Rule of Civil Procedure 50(b)(2)(B) provides that a movant may renew its request for judgment as a matter of law by filing a motion no later than ten days after entry of judgment, including a non-verdict. This is predicated on the recognition the trial judge may not have adequate time3 during the trial to thoroughly review the law as the facts develop at trial. *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903 (D. Md. 1959).

This Curt now addresses Defendant's motion.

<u>Legal Standard</u>

"Judgment as a matter of law is appropriate if during a jury trial a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Corneveaux v. CUNA Mutual Life Ins. Group*, 76 F.3d 1498, 102 (10th Cir. 1996). "In a jury trial, the judge should refrain from weighing conflicting evidence, evaluating the credibility witnesses, or substituting its judgment for that of the jury." *Id.* at 1504.

<u>Facts and Positions of the Parties</u>

Plaintiff agrees she was hired by AAA for an employment-at-will position as a traffic reporter in 1996. Over the course of the following months, she also assumed various duties in the public affairs area. Plaintiff maintains she was repeatedly promised her position would be "upgraded" by her supervisor, Brenda Yager. Over the

2

years, Yager and other AAA employees discussed job studies and corporate reorganization that would certainly result in the upgrade of Plaintiff's position. Plaintiff continued to perform both functions until 2000 when an upgraded position was created. AAA personnel actually testified the position was created with Plaintiff as the prototype, but Plaintiff testified she did not think she could meet the new qualifications. In any event, Plaintiff did not apply and resigned from her position at AAA.

Defendant argues that since Plaintiff was an employee-at-will, she can have no legal basis for a claim of any prospective promise of promotion. *See Streber v. Journal Pub. Co.*, 901 P.2d 201 (N.M. App. 1995); *Edwards v. United States Fidelity & Surety Co.*, 848 F. Supp. 1460, 1465 (N.D. Cal. 1994). Plaintiff responds that while it may be true, New Mexico law will not allow an employee-at-will to recover for prospective promises she is entitled to recover for retroactive compensation. The Court agrees, but finds insufficient evidence of any such promise to permit a jury to decide the matter.

In order to support any promise in the at-will employment context, the promise must be "definite, specific or explicit" enough to create a contract. *Hartbarger v. Frank Paxton*, 857 P.2d 776, 783 (N.M. 1993). Plaintiff, however, failed to identify any specific and binding promise by AAA other than that her position was being reviewed for an upgrade. The only evidence presented by Plaintiff at trial in support of her claims was that of alleged promises to change the terms and conditions of her employment at some unknown time in the future without any definite parameters for the job. No specific

3

**promise was ever made to Plaintiff regarding the terms of the vague job upgrade that was bound to result from a future restructuring. For example, Plaintiff did not, and could not, identify the salary of the upgraded position, the timing when the upgrade would take effect, the duties of the upgraded position or the hours of the upgraded position. She testified only that she had assumed the title and been allowed to purchase business cards. As to salary, Plaintiff's counsel argue only that the jury could use the ultimate salary of the person who was given the upgraded position Plaintiff refused to apply for. In order to establish contractual liability for retroactive modification of an implied agreement, a plaintiff would first need to establish the terms of the agreement and the date it became effective before proving that it was subsequently rescinded.** *See Faller v. Christ Hosp.*, **1996 WL 742000 (Ohio App. 1996).**

**Judgment will be entered accordingly.**

BRUCE D. BLACK
United States District Judge

For Plaintiff:
   Whitney Warner, Repps D. Stanford, MOODY & WARNER, Albuquerque, NM
For Defendant:
   John P. Eastham, Charlotte Lamont, Sarah K. Downey, BANNERMAN & WILLIAMS, Albuquerque, NM

4